NOT DESIGNATED FOR PUBLICATION

No. 117,441

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

THE SAUNDERS GROUP L.L.C.,
*Appellant*,

v.

KAW VALLEY STATE BANK,
*Appellee*.


MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed March 30, 2018. Affirmed.

*D. Richard White*, of MoKan Personal Injury Group, of Lawrence, for appellant.

*Darryl Graves*, of Law Offices of Darryl Graves, of Lawrence, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM: The Saunders Group L.L.C. (Saunders) raises two issues on appeal: (1) whether the district court erred in dismissing Saunders' petition, and (2) whether the district court erred in assessing a $250 fine to Saunders' attorney. We affirm the district court based on Saunders' utter abandonment of these claims of error on appeal.

The facts are well known to the parties and their attorneys so it is unnecessary to recite them in detail. It suffices to say that Kaw Valley State Bank (Bank) sold a partially constructed home to Saunders. In connection with the sale the Bank made a construction loan to Saunders for completion of the project. Prairie Home Construction, Inc. (Prairie

Home), a contractor on the job, sued Saunders when a check issued to Prairie Home for work on the project was returned for insufficient funds. Saunders joined the Bank as a third-party defendant. The court found in favor of Prairie Home and the Bank and entered judgment against Saunders.

Saunders then brought a separate action against the Bank raising a number of claims. The Bank moved to dismiss for failure to state an actionable claim, and the court granted the motion on all but two of Saunders' claims. The court granted Saunders the right to file an amended petition.

Saunders filed an amended petition, again raising a variety of claims against the Bank. The Bank moved to strike the amended petition. The court granted the motion on all but two claims and imposed a $250 sanction against Saunders' attorney. The Bank then moved for summary judgment on the remaining two claims, and the court granted the motion, entering judgment in favor of the Bank and against Saunders. This appeal followed.

We have struggled to make sense of Saunders' appellate brief. Saunders' arguments on appeal are contained in only 4 pages of its rather incomprehensible 53-page appellate brief. They are preceded by a one-page statement of the standard of review.

Kansas Supreme Court Rule 6.02 (2018 Kan. S. Ct. R. 34) sets forth the required contents of the appellant's brief. With respect to the argument section of the brief, Rule 6.02(a)(5) requires:

"(5) The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation

2

why the issue is property before the court." Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 35).

It is axiomatic that an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc.* v. *Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). A point raised incidentally in a brief and not argued therein is also deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2015). Finally, failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

Turning to the Argument section of Saunders' brief, Saunders does not separate its arguments according to the points raised that the district court erred (1) in dismissing Saunders' petition and (2) in assessing a $250 fine to Saunders' attorney. Moreover, Saunders does not separately state for each issue the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on, all as required by Supreme Court Rule 6.02.

Taken in order, the four-page argument section of Saunders' brief consists of the following:

● A statement of the notice pleading standard for a petition, citing a case.

● In three brief paragraphs consisting of a total of seven sentences, a brief recounting of facts surrounding the original dismissal of claims, the court's leave to file an amended petition, the dismissal of counts in the amended petition, and the assessment of the $250 fine.

3

● A repetition of the notice pleading requirements, citing several cases and K.S.A. 60-208(a)(1).

● Three numbered paragraphs (mysteriously labeled paragraphs 2, 4, and 7)—the first dealing with the concept of notice pleading (without citation) and the remaining two dealing with summary judgment standards which are not at issue in this appeal. Saunders does not contend that the district court erred in granting summary judgment.

● A reference to K.S.A. 60-212(e) regarding moving for a more definite statement.

● A statement to the effect that in considering a motion to dismiss the court must accept as true the plaintiff's well-pleaded facts and the inferences that arise therefrom but not conclusory allegations on the legal effects of those facts, citing a case.

● The statement that the court's "res judicata ruling was never rescinded nor (*sic*) modified."

● Saunders' conclusion that, despite its efforts, "the counts of the petition were dismissed for res judicata which did not apply to any of the counts" and the court has "denied the Appellant his constitutional right to his day in court."

Reciting a laundry list of legal principles does not constitute argument. Saunders leaves it to us to piece together a cogent argument from this collection of legal principles. Saunders does not discuss the multiple legal theories raised in the various pleadings, which are characterized in appellant's brief as "Violation of banking laws and statutes; Breach of contract, Breach of duty of good faith and fair dealing; Fraud; and

4

Negligence." Saunders does not explain how the various pleadings satisfy the notice pleading requirement for each of these claims.

Saunders neither states the principles for invoking res judicata nor explains how the court erred in basing any of its rulings on this doctrine.

Saunders does not link any identified standard to the court's decision to impose a $250 sanction on its attorney, nor does it explain how the district court violated that standard in imposing the sanction.

By its multiple violations of Kansas Supreme Court Rule 6.02 and by its failure to make any cogent argument supporting its two claims of error, Saunders has waived and abandoned these claims on appeal.

Affirmed.